Benjamin Zipper, J.
Defendant moves to dismiss a cause of action based upon a prior action being pending betweén the same parties and based upon the same note in the Supreme Court of Queens County. The defendant further moves to dismiss upon the ground that the complaint fails to state a cause of action.
This is an action to recover the sum of $1,500, a balance allegedly due on a promissory note originally in the sum of $5,000. A payment, in the sum of $1,000, was made by one Chasen who indorsed the corporate note and guaranteed its payment.
In the Queens County action, the defendant was served with a summons and notice of motion for summary judgment, and an affidavit, in lieu of the complaint, was served therewith. It thereafter appears that the motion for summary judgment was withdrawn by written stipulation of the respective parties. However, this action was never discontinued.
The question now before the court is whether under CPLR 3213, where there is a stipulation of withdrawal of the initial motion for judgment, the action itself is thereby discontinued. CPLR 3213 reads as follows: ‘ ‘ Motion for summary judgment in lieu of complaint. When an action is based upon a judgment or instrument for the payment of money only, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint, returnable at least twenty days after service. If the motion is denied, the moving and answering papers shall be deemed the complaint *783 and answer, respectively, unless the court order otherwise.” (Emphasis supplied.)
In the instant case, the motion was not denied and therefore the aEdavit does not become the complaint in the action. The result of withdrawing the moving papers could be equated to a situation where the summons is served without a complaint.
Therefore, the motion to dismiss the complaint based upon a prior action being pending is granted only to the following extent: all proceedings on the part of the plaintiff are stayed pending the disposition of the action in the Supreme Court. It becomes unnecessary, at this time, to pass upon the second phase of the motion to dismiss, namely, the insuficiency of the complaint, which may be adjudicated in the court in which the prior action is now pending.